NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3810
_____

UNITED STATES OF AMERICA

v.

HECTOR HUGO TOVAR-SANCHEZ,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 5-09-cr-00799-002
District Judge: The Honorable James Knoll Gardner


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 14, 2013

Before: SMITH, CHAGARES, and BARRY, *Circuit Judges*

(Filed: January 17, 2013)
_____

OPINION
_____

SMITH, *Circuit Judge.*

On February 1, 2011, a jury convicted Hector Hugo Tovar-Sanchez of four

controlled substance offenses, including conspiring to distribute cocaine in

1

violation of 21 U.S.C. § 846. The United States District Court for the Eastern District of Pennsylvania sentenced Tovar-Sanchez to, *inter alia,* 200 months on each count, with the sentences to be served concurrently. This timely appeal followed.[1]

The sole issue raised in this direct appeal is whether the District Court erred in its calculation of the drug quantity attributable to Tovar-Sanchez, which determined the applicable offense level and sentencing guideline range. Tovar-Sanchez does not dispute that he is accountable for the 17 kilograms of cocaine involved in the drug transactions that occurred during the period of the conspiracy, *i.e.*, from March 2009 to August 5, 2009. Nor does he challenge the 13 kilograms of cocaine attributed to him as a result of a drug transaction that occurred in Delaware during the period of the conspiracy. Instead, Tovar-Sanchez argues that he should not have been held accountable for the 26 kilograms of cocaine involved in the six transactions in North Carolina that occurred after the conspiracy of which he was convicted. In his view, the 26 kilograms should not have been included in the calculation because they did not constitute "relevant conduct" under United States Sentencing Guideline § 1B1.3(a)(2).[2]

---

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] "We review for clear error the District Court's findings of fact regarding the relevant quantit[y] of drugs attributable to the defendant." *United States v. Perez*,

Guideline § 1B1.3(a)(2) provides that a defendant's acts may be considered "relevant conduct" if such acts "were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). The commentary to the guideline explains that the "same course of conduct" and a "common scheme or plan" are "two closely related concepts." *Id.* cmt. n.9 (2010). Ruling from the bench, the District Court noted that there were facts common to both the conspiracy conviction and the North Carolina transactions, including the modi operandi and the identities of the participants. It also pointed out the temporal proximity of the North Carolina transactions to the conspiracy. In support of these links between the North Carolina transactions and the conspiracy, the District Court relied on the description of the North Carolina transactions by Tovar-Sanchez's coconspirator Emilio Quintero after finding his testimony credible. The District Court concluded that the North Carolina transactions qualified as "relevant conduct" as either part of the "same course of conduct" or a "common scheme or plan."

280 F.3d 318, 352 (3d Cir. 2002). The determination of whether certain activity constitutes the same course of conduct under Guideline §1B1.3(a)(2) is also a factual determination reviewed for clear error. *United States v. Kulick*, 629 F.3d 165, 171 (3d Cir. 2010). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985). Our review of the District Court's legal conclusions regarding the sentencing guidelines is plenary. *United States v. Blackmon*, 557 F.3d 113, 118 (3d Cir. 2009).

Tovar-Sanchez argues that the District Court erred because there were factual differences between the transactions that occurred during the conspiracy and the transactions that occurred in North Carolina. In addition, Tovar-Sanchez challenges the District Court's credibility determination, pointing out that Quintero was biased and was uncertain about some of his testimony.

We are not persuaded. There is no merit to Tovar-Sanchez's attack on the District Court's credibility determination. *Anderson v. City of Bessemer*, 470 U.S. 564, 575 (1985) (noting the great deference accorded to a District Court's findings based on credibility, and observing that a credibility determination "can virtually never be clear error" if the witness's testimony is coherent, facially plausible, and not contradicted by extrinsic evidence). Furthermore, Tovar-Sanchez acknowledges that the modi operandi of the conspiracy transactions and the North Carolina transactions were "similar" because both sets of transactions involved the transportation of drugs in a hidden compartment in a vehicle. Tovar-Sanchez does not dispute that the time interval between the conspiracy and the North Carolina transactions was short. Indeed, as he acknowledges, the timing suggests that the latter acts were connected to the conspiracy. Tovar-Sanchez further acknowledges that he and Quintero were involved in both the conspiracy and the North Carolina transactions. Thus, Tovar-Sanchez's argument recognizes that there is support in the record for the District Court's findings. Because these findings support the

4

District Court's determination that the North Carolina transactions were, under Guideline § 1B1.3(a)(2), part of a "common scheme or plan" or the "same course of conduct" as the conspiracy of conviction, we conclude that the District Court did not err by attributing the 26 kilograms of cocaine involved in the North Carolina transactions to Tovar-Sanchez for sentencing purposes.

We will affirm the judgment of the District Court.